IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,<br><br>*Plaintiff,*<br>v.<br><br>APPLE INC., HIGH TECH COMPUTER CORP., a/k/a HTC CORP., HTC (B.V.I.), HTC AMERICA, INC., EXEDEA, INC., RESEARCH IN MOTION LTD., and RESEARCH IN MOTION CORPORATION,<br><br>*Defendants.* | Civil Action No. 10-00982-LPS |

## RULE 16 SCHEDULING ORDER

This 11th day of May, 2011, the Court having conducted a Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that the following schedule shall supersede any previously entered scheduling orders and shall govern these consolidated cases henceforth:

For purposes of this Scheduling Order, each "Defendant Party" (or "Defendants") is defined as follows:

(1) "St. Clair" means St. Clair Intellectual Property Consultants, Inc.

(1) "HTC" means HTC Corp., HTC (B.V.I.), HTC America, Inc., and Exedea

(2) "RIM" means Research In Motion Ltd. and Research In Motion Corporation.

(3) "Apple" means Apple Inc.

1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. Joinder of Other Parties and Amendment to Pleadings. All motions to join other parties shall be filed on or before **July 25, 2011**. All motions to amend or supplement the pleadings shall be filed on or before **December 14, 2011**.

3. Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

  a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **April 13, 2012**.

  b. Document Production. Document production shall be substantially complete by **December 14, 2011**.

  c. Requests for Admission. Plaintiff may serve up to twenty-five (25) requests for admission on each Defendant Party and each Defendant Party may serve up to twenty-five (25) requests for admission on Plaintiff. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence. If a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good

2

cause shown seek a protective order from the Court. Each Defendant Party may rely upon Plaintiff's responses to the Requests for Admission served by any Defendant Party

    d.    <u>Interrogatories and Contentions</u>.

        i.    Plaintiff may serve up to twenty-five interrogatories to each Defendant Party. Defendants collectively may serve up to ten (10) interrogatories on common issues on Plaintiff. In addition, each Defendant Party may serve up to fifteen (15) individual interrogatories on Plaintiff. These limits include contention interrogatories.

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        iii.    <u>Infringement Contentions</u>. Plaintiff will serve its Preliminary Infringement Contentions on each Defendant Party by **July 1, 2011**. Plaintiff's Preliminary Infringement Contentions shall specify (1) which of its claim(s) of its patent(s) it alleges are being infringed; (2) which specific product(s) it alleges infringe each claim; and (3) a complete and detailed explanation of where each individual element of each claim listed in (1) is found in each product listed in (2), subject to reasonable and timely amendments in light of developments in the case such as production of discovery and issuance of the *Markman* Order. Plaintiff's Final Infringement Contentions will be served within thirty (30) days after issuance of the Markman Order.

        iv.    <u>Invalidity Contentions</u>. No later than **August 31, 2011**, Defendants shall serve on Plaintiff their Preliminary Invalidity Contentions listing the prior art on which they

intend to rely (based upon a diligent and good faith search and investigation), and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff, subject to reasonable and timely amendments in light of developments in the case such as production of discovery, identification of additional prior art, and issuance of the Markman Order. Defendants' Final Invalidity Contentions will be served fifty (50) days after issuance of the *Markman* Order.

  e. <u>Depositions.</u>

    i. Limitation on Hours for Deposition Discovery. Plaintiff shall be limited to a total of 250 hours for taking testimony by deposition upon oral examination, excluding expert depositions, provided that Plaintiff shall not take more than 100 hours of deposition of employees of any single Defendant Party. Defendants collectively shall be limited to a total of 210 hours for taking testimony by deposition upon oral examination, excluding expert depositions. Except as set forth below, no non-expert deposition shall last longer than seven (7) hours. Once a deposition begins, it shall be counted against the deposing party's time limit for a minimum of 3 hours, even if the actual length of the deposition is less than 3 hours, unless the parties agree separately in writing or on the record.

     (i) Each of the named inventors may be deposed for two seven-hour (7) days;

     (ii) Each prosecuting attorney for each of the patents-in-suit may be deposed for two seven-hour (7) days;

     (iii) Plaintiff shall be limited to 35 hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of each Defendant Party, and the Defendant Parties, shall collectively be limited to 64 hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of Plaintiff; and

4

(iv) Any deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 7.5 hours of testimony for every 10 hours of deposition, which at the option of the party presenting such deponent must be completed in a single day.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 23, 2012**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 27, 2012**. Reply expert reports from the party with the initial burden of proof are due on or before **July 18, 2012**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery, including all depositions, shall be completed by **August 24, 2012**.

ii. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by

motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3)pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

   4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **Papers Filed Under Seal.** When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. **Courtesy Copies.** The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. **ADR Process.** This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. **Interim Status Report.** On **January 13, 2012**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of

discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court by **November 15, 2011**, a tutorial on the technology at issue. In that regard, each party shall submit a CD/DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. The tutorials should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's CD/DVD tutorial. Any such comment shall be filed within ten (10) days of the submission of the CD/DVD tutorial. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **August 31, 2011**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **September 16, 2011**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **September 30, 2011**. The parties' answering/responsive briefs shall be contemporaneously submitted on **October 28, 2011**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12. <u>Hearing on Claim Construction</u>. Beginning at 10 AM on November 29, 2011, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. <u>Reliance On Advice of Counsel.</u> Defendant shall disclose to Plaintiff any advice of counsel that it may rely upon as a defense to willful infringement no later than fifty (50) days after the Court issues its claim construction ruling.

14. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **September 26, 2012**; response briefs shall be filed on or before **October 26, 2012**; and reply briefs shall be filed on or before **November 9, 2012**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

15. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>Pretrial Conference</u>. At a date and time to be determined, the Court will hold a pretrial conference in Court with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order at a date and time to be determined. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in Limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire,

(ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19.   Trial. This matter will be set for trial at a date and time to be determined.

UNITED STATES DISTRICT JUDGE