IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY :
CONSULTANTS, INC. :
　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　　:
　　v. : C.A. No. 10-00982-LPS
　　　　　　　　　　　　　　　　　　　:
APPLE INC., HIGH TECH COMPUTER :
CORP., a/k/a HTC CORP., HTC (B.V.I.), :
HTC AMERICA, INC., EXEDEA, INC., :
RESEARCH IN MOTION LTD., and :
RESEARCH IN MOTION :
CORPORATION :
　　　　　　　　　　　　　　　　　　　:
　　　　Defendants. :

---

## MEMORANDUM ORDER

At Wilmington this 30th day of September, 2011:

Presently before the Court is Defendant Research in Motion Ltd. and Research in Motion Corporation's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement. (D.I. 9) For the reasons discussed below, the Court will deny the motion.

I.　**BACKGROUND**

On November 16, 2010, Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") filed this patent infringement action against Research In Motion, Ltd. and Research In Motion Corporation (collectively, "RIM"). (D.I. 1) The Complaint alleges willful infringement of six patents purportedly owned by St. Clair: U.S. Patent Nos. 5,822,610; 5,892,959; 6,079,025; 5,630,163; 5,710,929; and 5,758,175 (collectively, the "patents-in-suit"). (*Id.*) In its Complaint, St. Clair asserts similar claims against Apple Inc., High Tech Computer Corp., a/k/a HTC Corp.,

HTC (B.V.I.), HTC America, Inc., and Exedea, Inc (collectively, "co-Defendants"). (*Id.*) Co-Defendants have answered the Complaint. (D.I. 8; D.I. 15)

On February 7, 2011, in lieu of answering the Complaint, RIM filed the pending motion. (D.I. 9) St. Clair opposes this motion. (D.I. 17) The parties completed briefing on this motion on March 7, 2011. (D.I. 19)

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### B. Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." *See also Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). Rule 12(e) has been interpreted to make relief available where a pleading is unintelligible, *see CFMT, Inc. v. YieldUp Int'l Corp.*, 1996 WL 33140642, at *1 (D. Del. Apr. 5, 1996), or the issues cannot be determined, *see Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 536 (D. Del. 1962); *Container Co. v. Carpenter Container Corp.*, 8 F.R.D. 208, 210 (D. Del. 1948). "The decision whether to grant or deny a defendant's motion for a more

definite statement rests within the sound discretion of the court." *Holmes v. Colonial Sch. Dist.*, 2010 WL 4918721, at *1 (D. Del. Nov. 24, 2010). Motions for a more definite statement are generally viewed with disfavor, particularly "where the information sought by the motion could easily be obtained by discovery." *CFMT*, 1996 WL 33140642, at *1.

## III. DISCUSSION

### A. Motion to Dismiss

In *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007), the Federal Circuit held that Form 18 of the Federal Rules of Civil Procedure, which sets forth a sample complaint for patent infringement, meets the *Twombly* pleading standard. Thus, in order to plead a claim of patent infringement, only the following is required:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.*; *see also EON Corp. IP Holdings LLC v. FLO TV Inc.*, --- F. Supp. 2d ----, 2011 WL 2708945, at * 2 (D. Del. July 12, 2011) (interpreting Form 18 to require same elements); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 353 (D. Del. 2009) (same); *S.O.I. TEC Silicon on Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009) (same). No further detail is required.

In its Complaint, St. Clair makes an allegation of jurisdiction (D.I. 17 at ¶¶ 9-10), states that it owns the patents (*id.* at ¶ 12), gives RIM notice of its infringement (*id.* at ¶¶ 36, 40, 44, 48, 52, 56), and makes a demand for an injunction and damages (*id.* at 17-18). However, RIM

4

contends that the Complaint fails to satisfy the third required element of Form 18 because it fails to identify the specific RIM products (or class of products) that allegedly infringe any of the patents-in-suit.[1] (D.I. 10 at 4)

While "it is not necessary to identify specific products," it is necessary for a complaint at least to "mimic Form 18 and identify a general category of products." *Xpoint Techs.*, 730 F. Supp. 2d at 353; *see also id.* at 354 (finding identification of "general categories of accused products – processors, chipsets, and motherboards" – sufficient); *Applera Corp. v. Thermo Electron Corp.*, 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (identifying accused product as "mass spectrometer" was found sufficient). In its Complaint, St. Clair specifically identifies the category of infringing products as "smartphones and tablets" and elaborates by identifying specific models of RIM's smartphones and tablets that are allegedly infringing. (D.I. 1 at ¶ 30) RIM's assertion that the Complaint identifies "nearly every product sold by RIM" and, thus, provides insufficient notice, is unavailing, as narrowing of issues regarding infringement is "best achieved through the use of traditional mechanisms of discovery."[2] *Applera*, 2005 WL 524589,

---

[1] In its briefing, RIM raises additional arguments that the Court concludes are unpersuasive. First, RIM argues that the Complaint fails to describe the patented invention. (D.I. 10 at 5; D.I. 19 at 2) However, the patents-in-suit attached to the Complaint adequately describe the patented invention at this stage of the proceedings. (*See* D.I. 1 Ex. A-F) Additionally, within the Complaint, St. Clair states that four of the patents claim "power management technology." (D.I. 1 at ¶ 20) Next, RIM asserts that the Complaint fails to identify which of the 138 method and system claims of the asserted patents are allegedly infringed. (D.I. 10 at 6) This argument fails because "[a] plaintiff is not required to specifically include each element of the asserted patent's claims or even identify which claims it is asserting." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010).

[2] Although RIM asserts that certain products listed are not sold within the United States (D.I. 10 at 2 n.1), the Court will not address this argument at this juncture, since it must take the Complaint's allegations – including that the accused products are sold in the U.S. – as true for purposes of evaluating a motion to dismiss. *See Eidos Comm'nc LLC v. Skype Techs., S.A.*, 2010

at *1 (rejecting argument that issues could not be determined as "plaintiffs failed to identify which of its ninety-three mass spectrometers, in sixteen product lines" allegedly infringed).

RIM's reliance on *Fifth Market, Inc. v. CME Group*, 2009 WL 5966836 (D. Del. May 14, 2009), to support its claim that St. Clair has failed to adequately allege infringement, is misplaced. In *Fifth Market*, the Court found an allegation of infringement insufficient because the complaint's sole reference to the allegedly infringing product appeared in the facts section and there was no averment elsewhere in the complaint relating back to that section. *See*, 2009 WL 5966836, at *2. St. Clair, in its Complaint, makes numerous references to the allegedly infringing product models and explicitly ties the RIM products to each recitation of infringement of the six patents-in-suit. (*See* D.I. 1 at ¶¶ 36, 40, 44, 48, 52, 56) Thus, the Complaint sufficiently identifies the specific products that are alleged to infringe. *See EON Corp.*, 2011 WL 2708945, at *3 (determining that plaintiff's complaint, which alleged specific named products were infringing, "exceeds Form 18's example for the third element"); *Mark IV Indus. Corp. v. Transcore, L.P.*, 2009 WL 4828661, at *3 (D. Del. Dec. 2, 2009) (denying dismissal where complaint alleged that defendant "directly infringes these patents by making, using, selling and/or offering for sale [specific product lines] and all other similar products").[3]

Further, RIM asserts that the Complaint fails to allege that RIM makes, uses, or sells a

---

WL 4642062, at *3 (D. Del. Nov. 9, 2010) (refusing to consider, in connection with Rule 12(b)(6) motion, declaration that alleged infringement occurred outside United States).

[3]As RIM emphasizes, "the sufficiency of the pleadings in a particular complaint is 'context-specific' and determined on a case-by-case basis." (D.I. 19 at 5 n.3) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.")).

device "embodying the patent." (D.I. 19 at 3-4) However, the Complaint explicitly alleges that "Defendants are infringing the . . . [p]atent literally, or under the doctrine of equivalents, by . . . making, using, selling or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the . . . [p]atent." (D.I. 1 at ¶¶ 36, 40, 44, 48, 52, 56) Contrary to RIM's contention, the Complaint is not required to address how the infringing products use the patented technology. *See McZeal*, 501 F.3d at 1358 ("[T]he specifics of how [defendant's] purportedly infringing device works is something to be determined through discovery."); *Xpoint*, 730 F. Supp. 2d at 353 ("A plaintiff is not required . . . to describe how the allegedly infringing products work."). Therefore, the Court concludes that St. Clair's Complaint fulfills all requirements of Form 18 and, thereby, adequately pleads claims of infringement. Accordingly, the Court will deny RIM's motion to dismiss.[4]

### B. Motion for a More Definite Statement

"Relief under Rule 12(e) should be limited to allegations in a complaint which are so ambiguous that a defendant is unable to determine the issues he must meet." *Eidos*, 2010 WL 4642062, at *3. The Court has determined that St. Clair's Complaint provides sufficient notice of the infringement allegations. Nor is St. Clair's Complaint "so vague or ambiguous" that RIM cannot frame a responsive pleading. Fed. R. Civ. P. 12(e); *see also generally R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*, 2002 WL 31260049, at *2-3 (D. Del. Oct. 9, 2002) (denying motion for more definite statement where complaint contained essential requirements of Form

---

[4]In its reply brief, RIM requests that, if the Court denies its motion to dismiss, the Court order St. Clair to provide preliminary infringement contentions early in discovery. (D.I. 19 at 10) However, this request now appears to be moot because preliminary infringement contentions have been produced in accordance with the Court's May 11, 2011 Scheduling Order. (*See* D.I. 27 at 3; D.I. 41)

16, a predecessor to Form 18 – identifying "computer-aided detection systems" as accused products).

## IV.   CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Defendants Research in Motion Ltd. and Research in Motion Corporation's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement (D.I. 9), is **DENIED**.

UNITED STATES DISTRICT JUDGE